UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLTUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY HAROLD,<br><br>Defendant. | Civil Action No. 23-cv-10662-PBS |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a Party's competitive standing or confidentiality interests, the Parties stipulate to the following Confidentiality Agreement and Protective Order and, by this Motion, request entry of the following as an Order of this Court.

The Court therefore ORDERS as follows:

1.  This Order and any amendments or modifications hereto shall govern any document, information or other thing furnished by any Party, to any other Party, and also binds non-Parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a Party or non-Party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the terms of this Order, as well as to any copies, excerpts,

abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such designated information.

2. Information shall be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY only if the Designating Party in good faith believes the information contains trade secrets or other confidential, competitive, or proprietary information used by it in, or pertaining to, its business which the Designating Party takes appropriate efforts to keep confidential or which the Designating Party is otherwise required to keep confidential by agreement or law. For information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Designating Party must additionally believe in good faith that the information must be protected from disclosure to the Parties themselves.

3. Information designated as CONFIDENTIAL may be disclosed by a Receiving Party only to the following persons:

    a. the Receiving Party's counsel of record for this action, only those in-house counsel working on this matter for the Receiving Party who are bound by this Order, and paralegal, secretarial, stenographic, and clerical employees working under the direction of such counsel; contractors, vendors, and other litigation service providers engaged by such counsel (e.g., translators, electronic discovery vendors, document duplicators, graphics consultants, etc.); and other attorneys employed by the law firms of record in this action;

    b. any individual person who is a Party to this action and who is bound by this Order, and individuals employed by any Party that is a corporation, partnership, or other business organization, but only to the extent necessary to conduct this litigation and on the condition that the officer, director or employee agrees to be bound by the terms of this Order;

c.  experts and consultants (e.g., technical and financial experts) who are retained or sought to be retained by counsel described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.  the Designating Party, including any current employees, directors, and officers of the Designating Party;

e.  the Court and personnel employed by the Court;

f.  stenographers and videographers engaged to transcribe and/or record depositions in this action; and

g.  any other person to whom the Designating Party permits disclosure, in writing.

4.  Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed by a Receiving Party to the persons described in paragraphs 3(a) and (c)-(g). Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY shall **not** be disclosed by a Receiving Party to persons described in paragraph 3(b).

5.  No person described in paragraphs 3(a)-(c) and (f) shall have access to information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY until such person has been made aware of this Order. No person described in paragraph 3(c) shall have access to information until such person has been made aware of this Order and has executed a copy of the ACKNOWLEDGEMENT attached as Exhibit A.

6.  Information shall be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as follows:

a.  In the cases of information contained in a document or a written discovery response (e.g., to an interrogatory, request for admission, or document request), the Designating

Party shall label the document or written response with a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend. In the event that a Designating Party inadvertently fails to include a legend at the time of production, the Designating Party shall have thirty (30) calendar days from the date of production or the date of the entry of this Order, whichever is later, to correct the designation and to provide the Receiving Party with appropriately labeled substitute copies. The Receiving Party shall promptly destroy or return all copies of the incorrectly labeled copies within the Receiving Party's possession or control. Documents produced to a Party prior to entry of this Order and designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be subject to this Order as if produced to a Party after entry hereof.

      b.    In the case of information disclosed at a deposition, the Designating Party shall identify on the record during such deposition the portion of testimony and/or exhibits designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY and subject to this Order. Alternatively, within twenty (20) days after receipt of the transcript of the deposition, counsel for a Party may designate as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY portions of the transcript and/or exhibits by notifying counsel for the other Party (and counsel for the deponent, if separate) in writing, specifying the designated information (e.g., by page and line number). Each Party shall affix the notice to the face of the transcript and each copy thereof. Until the expiration of the twenty (20) day period, the entire deposition transcript, including exhibits, shall be treated as if designated CONFIDENTIAL - ATTORNEYS' EYES ONLY. If no designation is made within twenty (20) days after the deposition, the transcript shall be considered not to contain any information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

7. A Party that disputes the propriety of a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation shall notify the Designating Party in writing. If the dispute cannot be resolved informally after a good faith attempt, and no earlier than ten (10) calendar days after such written notice, the Party challenging the designation may request appropriate relief from the Court. The Designating Party shall bear the burden of proving the propriety of a CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY designation.

8. Information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be used only for purposes of this action, including any appeals, and for no other purpose. The recipient of any information shall maintain it in a secure and safe area and shall exercise a professional standard of due and proper care with respect to the storage, custody, use and/or dissemination of information, which standard shall not be less than as is exercised by the recipient with respect to its own trade secrets or other confidential information. If information is disclosed to any person other than as authorized by this Order, the Party responsible for such disclosure shall, upon learning of the disclosure, inform counsel for the designating party of such disclosure and make every reasonable effort to retrieve the information and prevent disclosure by each unauthorized recipient. Each individual who receives any information agrees to subject himself/herself to the jurisdiction of the Court for the sole purpose of any proceedings relating to the performance under, compliance with, or violation of this Order without waiving any objection to this Court's jurisdiction over any Party to this action. Nothing in this Order shall preclude any Party from disclosing or using, in any manner or for any purpose, the Party's own information.

9. Any materials which are filed with the Court and which are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be filed under seal in accordance with Local Rule 7.2 and in compliance with this Court's Standing Order, except that no separate motion to seal or order shall be required. All such filings will be maintained under seal, as provided in Local Rule 7.2, with redacted copies filed in the public docket as required by any Standing Order of this Court.d

10. In the event that any information is used in any hearing or at trial in connection with this action, such material shall not lose its CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY status through such use. The Parties shall take reasonable steps to protect its confidentiality during such use.

11. Unless otherwise agreed in writing by an attorney of record for the Designating Party, within ninety (90) calendar days of the termination of this action, including any appeals, all documents and materials designated as either CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, except such documents and materials which have been filed with the Court, shall be returned to the person or entity that produced the documents and materials or shall be destroyed (with certification of such destruction). Counsel of record shall be responsible for the return or destruction of information in the possession of contractors, vendors, litigation service providers, experts, and consultants engaged by such counsel or on behalf of such counsel's client. Following termination of this action, the Court shall have continuing jurisdiction over the Parties, counsel of record, and persons who have executed an ACKNOWLEDGEMENT, to ensure compliance with this Order. Notwithstanding anything contained in this paragraph to the contrary, counsel for the respective Parties shall be permitted to retain in their own files copies of court papers and other papers served in connection with this action, transcripts (including deposition

transcripts), exhibits, and work product containing or reflecting information. Counsel shall preserve the confidentiality of such material in accordance with the terms of this Order.

12. Nothing in this Order shall prevent or otherwise restrict counsel of record from rendering advice to their respective clients in this action and, in the course thereof, relying generally upon the examination of information, provided, however, that in rendering such advice, no specific or substantive disclosure of any information is permitted other than as provided in paragraphs 3 and 4 of this Order.

13. In the event documents, materials, or information are sought by a Party from a person or entity other than a Party, such person or entity may designate such documents, materials, and information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in the manner set forth in this Order. Documents, materials, and information so designated shall be governed in all respects by this Order as if produced and designated by a Party.

14. If any Party that has obtained information from another Party or other person or entity receives a subpoena or other request commanding the production of any such information, such Party shall notify the Designating Party in writing of such request. The Party to whom the request is directed shall not produce any information in response to the request absent order of this Court or written permission from the Designating Party.

15. This Order is without prejudice to the right of any Party, person, or entity (a) to seek relief from the Court, upon good cause shown, from any of the provisions hereof; or (b) to seek additional protections for certain documents, materials, and/or information.

16. All Parties shall use their best efforts to protect the confidentiality of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," regardless of which party designated the information.

17. Any Party has a right to designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any information disclosed to them by another Party or a non-Party if the Party reasonably believes that the information disclosed contains their confidential, proprietary, or trade secret information. Any such designation shall be made within a reasonable time after the production of the information. After such designation is made, the information produced shall be treated as it was inadvertently produced without an appropriate designation.

18. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending entry of an alternative thereto.

19. Inadvertent production of any information, material, document, transcript, or thing without a designation of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall not in and of itself be deemed a waiver of any Party's claim of confidentiality as to such matter. If any information, material, document, transcript, or thing claimed to be CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is inadvertently produced without that designation, the Producing Party shall notify the Receiving Party within a reasonable time after discovery of the inadvertent production. All Parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information was produced inadvertently without an appropriate initial designation of confidentiality, the Receiving Party shall thereafter (i) treat such information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the terms of this Order, and (ii) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information based upon the earlier mistaken view that such materials were not confidential.

Respectfully submitted,

| VOLTUS, INC. | GREGORY HAROLD |
|---|---|
| By its attorneys, | By his attorneys, |
| /s/ *Sarah B. Herlihy* | /s/ *David A. Michel* |
| Sarah B. Herlihy (BBO #640531) | David A. Michel (BBO #682122) |
| Stephen Paterniti (BBO #564860) | SHERIN AND LODGEN LLP |
| JACKSON LEWIS P.C. | 101 Federal Street |
| 75 Park Plaza, 4th Floor | Boston, MA 02110 |
| Boston, MA 02116 | Tel: (617) 646-2000 |
| T: 617-367-0025 | damichel@sherin.com |
| sarah.herlihy@jacksonlewis.com | |
| stephen.paterniti@jacksonlewis.com | |

The Proposed Schedule set forth above is

So Ordered,

_____
Hon. Patti B. Saris

5/5/23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLTUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREGORY HAROLD, <br><br> Defendant. | Civil Action No. 23-cv-10662-PBS |

## PROTECTIVE ORDER ACKNOWLEDGEMENT

I, _____, declare under penalty of perjury under the laws of the United States and Massachusetts that:

1. My current address is _____

2. My present employer is _____

3. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order ("Order") entered into between the Parties in *Voltus, Inc. v. Harold, et al.* Case No. 23-cv-10662-PBS; that I will not use or disclose any information I receive other than in accordance with the Order; that I will comply with and be bound by the terms and conditions of the Order; and that I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.

4. I understand and agree that the Order requires me to maintain all information I

receive in a secure and safe area and to exercise a professional standard of due and proper care with respect to the storage, custody, use and/or dissemination of information, which standard shall not be less than as is exercised by me with respect to my own (or my employer's) trade secrets or other confidential information. I further understand and agree that all information I receive shall remain in my custody until requested to be returned or destroyed as specified in the Order. I acknowledge that such return or destruction shall not relieve me from any continuing obligations imposed on me by the Order.

Dated: _____   _____
(Signature)